STATE HIGHWAY COMMISSION, PLAINTIFF v. CLAYTON LUCK AND WIFE, ELOISE LUCK, W. D. LUCK, AND WIFE, FLORRIE B. LUCK, DEFENDANTS.

(Filed 2 December, 1964.)

APPEAL by defendants from *Riddle, S.J.,* May 1964 Civil Session of RANDOLPH.

Plaintiff instituted this action in March 1962 to acquire a perpetual easement across defendants' lands for use in constructing a by-pass, around Asheboro, on U.S. 220. The by-pass is a controlled access highway. Plaintiff estimated $1,274.00 as fair compensation for the taking. It deposited this sum with the court.

Plaintiff took 6.86 acres. This left defendants with a triangular tract containing one acre on the west side of the highway. This area is served by a service road constructed by plaintiff. Defendants are also left with a triangular tract on the east side of the highway. This piece contains 3.48 acres. It has no immediate access to the by-pass, but does have access by means of a private road across a tract containing 1.30

acres .purchased by defendants in 1960 to afford access to their larger tract.

. The pleadings raise only one issue: What is fair compensation? This issue was submitted to the jury. It answered: $2,600.00. The court thereupon entered judgment for defendants for $1,326.00, the difference between the amount fixed by the verdict and the $1,274.00 deposited with the declaration of taking, plus interest on $1,326.00 from March 9, 1962, the date of the taking, to the rendition of the judgment.      `

Defendants excepted and appealed.

*Ottway Burton for defendant appellants.*

*Attorney General T. W. Bruton, Assistant Attorney General Harrison Lewis, Trial Attorney Claude W. Harris for plaintiff appellee.*

PER CURIAM.  Defendants, conforming to the requirements of Rule 27½ (254 N.C. 809; G.S. 4A, p. 184), propound this question: "Did the trial court make so many prejudicial errors in the rulings on the admissibility of evidence against the landowners that they were deprived of their property without due process of law as set out in the nine assignments of error and the first twenty-nine of the defendants' exceptions?" We have examined each of defendants' twenty-nine exceptions challenging the court's rulings on evidentiary matters. Our examination discloses no prejudicial error in the admission or exclusion of evidence. This is true whether the exceptions be considered individually or in the aggregate..

Defendants insisted their property should be valued for use as a residential area and, if so valued, the evidence would justify an award in sums varying from $22,000.00, estimated by defendant C. W. Luck, to $8,950.00, estimated by defendants' witness, Keeling.

. .Plaintiff's witnesses testified the property was not suitable for residential development. They based their estimates of value on an acreage basis. Their estimates of damage varied from a low of $940.00 to a high of $1,148.00. What was fair compensation was a question of fact for jury determination. That determination was reached without error, prejudicial to defendants.

No error.